Harper, J.
We agree with the presiding Chancellor, upon the effect of the bequest in the residuary clause of the testator’s will. It would not have the effect of giving beneficially to the executors, the interest on the legacies, until the legatees should attain the age of twenty-one. The case of Nichols v. Osborne, is sufficient authority for this purpose, and there are many others to the same effect. The case is stronger against executors in this country than in England. Under our statute of distributions, it is always intended that the executor takes as a trustee, and not for himself, unless the intention to give him beneficially, be plainly expressed. The bequest of the residue to the testator’s grand daughters, gives a present vested legacy, and the direction that it shall be retained in the hands of the executors till they attain the age of twenty-one, only fixes the time of payment. It is debitum in presentí, solvendum in futuro.
We agree also, with the Chancellor, that parol evidence was inadmissible to show that the testator intended the executors to take this interest. That would be to alter and add to the will. But as now explained in argument, we understand the parol evidence to have been offered for a different purpose — to show that the executors did in fact retain the legacies in their hands, without making interest on them, and that this was in consequence *of an agreement or understanding with the testator, that they should not be bound to invest the fund or make interest, nor be chargeable with the interest upon failure to do so, and that they accepted the executorship on that condition. For this purpose we think the testimony was admissible. It was not to add to, or in any respect alter the terms of the will, but to excuse themselves for having failed to make interest. This Court habitually receives evidence to show that there were suits depending against an estate, and that the executor retained funds unemployed in his hands, to meet the demands which might be established, to excuse him from the payment of interest. In the case of Breure v. Pemberton, 12 Ves. 386, the Court refused to charge an executor with interest, on the ground that he acted fairly, under the belief that the balance in his hands belonged to himself as commissions, as in fact it would have done if he had charged commissions properly in his accounts from time to time. If the defendants in this case did have such an understanding with the testator, and accepted the office of executor upon such condition, I think it quite as good an excuse.
The charging of an executor with interest on balances in his hands, is a creature of this Court, and it is by comparatively modern decisions that the doctrine has been fully established. But it is a general rule that parol evidence may be received, to rebut an equity. The distinction *90 between receiving parol evidence for the purpose of altering or explaining a written instrument, and for the purpose of rebutting an equity, is very fully considered in the case of Townsend v. Stangroom, 6 Ves. 328, and Rich v. Jackson, in a note to that case. The first was a bill for the specific performance of a contract to lease. The Chancellor admitted parol evidence to show, that the intended lessee knew at the time of the agreement, that part of the lands described in it had been leased to another person. He could not execute any other agreement than that which the parties had entered into ; the evidence was received to rebut an equity — to rebut the right to a specific performance, and on it the bill was dismissed. *On this ground, the Court will not execute an agreement under seal, which has been rescinded by parol. Yet such an agreement cannot be discharged by parol,,but the plaintiff’s equity is rebutted. In Rich v. Jackson, the Chancellor says in allusion to the cases on the subject, “ none go further than this, in the decisions and rules laid down; that parol evidence of the conduct of the parties, the manner of conducting the transaction, the unfairness and hardship, may afford a good ground to leave the party in the condition in which he put himself at law, to make what he pleases to make of it, but ought not to make this Court give him any aid.” There are other eases proceeding on the same principle of receiving parol evidence to rebut an equity; as to rebut the presumption that an executor is not intended to take the residue, when a legacy is given him, &c. If in consequence of such an understanding with the testator, and believing that the will provided for their doing so, the defendants were induced to accept the office of executor, and retain the fund in their hands without making interest, it would be a case of great unfairness and hardship now to charge them with interest, and I think the complainants, volunteers under the testator, are not entitled to the aid of the Court for that purpose. Of course I can say nothing of the effect of the testimony which is to be produced. But if the defendants should be able to give such testimony as they purpose, it will be much strengthened by the terms of the will, which seem to point to such an understanding, though they are not sufficient, of themselves, to express it. Of course the defendants must account for any interest which they have actually made.
With respect to the complainants’ ground of appeal, nothing appears but what is stated in the Commissioner’s report — the simple fact that the complainant, J. V. Thompson, did receive from the defendants the sum of $1081, equal to the principal of the legacy, and give a receipt in full. It is said that a receipt may be contradicted or explained by parol testimony, a receipt being only a written admission of a previous fact; and if the fact be not true, the *party is not estopped by his admission: (see the cases referred to in the American edition of Philips’ Ev. 14.) A receipt is certainly evidence against a party, and in general conclusive evidence. But supposing that a mistake may be shown, I am not aware that any has been shown in the present instance. The error or mistake is supposed to have been, in admitting-the $108Y to have been in full of the legacy, when in fact he was entitled to interest on it besides. That is a matter still doubtful. If a person having a claim against another, thinks proper to forgive the debt, and with this view executes a receipt, this will bind him. It is a gift executed, and cannot be recalled. *91 So, if lie receive part of bis demand, and give a receipt for the whole. In Martin v. Mowlin, 2 Burr. 979, Lord Mansfield seems to take for granted, that even a mortgage debt maybe forgiven by, parol; and in case of a bond, where a less sum than the bond was conditioned for had been paid, Chief Justice Marshall said, that although the jury were satisfied in fact that it was not, yet in law they ought to presume that it was, fully paid—5 Cranch, 11. The case seems to me to be still stronger where there is something certain due, and there is a doubt whether the creditor may not be entitled to something more, and he thinks proper to accept what is certainly due, and gives a receipt in full. Such appears to be the present case, and I think this complainant must be bound by his receipt. With respect to the rest of the complainants, it is ordered, that the case be remanded to the Cireut Court, for the purpose of receiving the evidence, and being heard and determined.
O’Neall, J., concurred.